UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Crim. No. 18-125 (WJM) |
| v. | |
| **JIHAD GARRETT,** | **OPINION** |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Defendant Jihad Garrett's (the "Defendant") motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. 3624(a)(2) in light of the COVID-19 pandemic. ECF Nos. 65, 66. For the reasons set forth below, the motion is **DENIED**.

I.  **BACKGROUND**

On April 4, 2019, following a four-day trial, a jury found Defendant Jihad Garrett guilty on three counts: (1) possession of a firearm by a convicted felon; (2) possession with intent to distribute heroin; and (3) carrying a firearm during a drug trafficking crime. ECF Nos. 35-39, 41-44, 47-50. On November 21, 2019, the Court sentenced Defendant Garrett to 50 months on Count 1, 50 months on Count 2, and 60 months on Count 3 to run consecutive with the sentenced imposed on Counts 1 and 2 for a total of 110 months' imprisonment. ECF Nos. 54, 55. Defendant is currently incarcerated at FCI Gilmer in Glenville, West Virginia.

Defendant states that while he was housed at the Hudson County Jail, on April 9, 2020, he tested positive for Covid-19. ECF Nos. 64, 65. Garrett states that from May until August he experienced chest pain and "rapid irregular contractions around [his] heart due to Covid-19." *Id.* On July 21, 2020, Defendant requested in writing that the warden of the Hudson County Jail release him for home confinement. ECF No. 64. Defendant Garrett received no response and instead was reportedly transferred to Oklahoma City two weeks later. *Id.* He arrived at FCI Gilmer on September 9, 2020. On November 2, 2020, Garrett renewed his request for release. ECF No. 66, 5. That request was denied on November 20, 2020. *Id.* at 4. On December 29, 2020, Garrett appears to have appealed a third December 8, 2020 request for release. *Id.* at 6. Garrett filed this motion on January 21, 2021, ECF No. 65, and filed a more detailed brief including exhibits on April 1, 2021, ECF No. 66. The Government filed no response.

Garrett states that he fears that if he "catches Covid-19 again, [he] will die." ECF No. 65 (cleaned up). Garrett states that in December 2020, "FCI Gilmer reported 64 positive inmates and 148 recovered inmates." ECF No. 66. Garrett states that "I have not

been able to see my family, have not been able to participate in any programs that can help me with my rehabilitation back into society; I'm locked in my cell, coming out for two hours a day and a fifteen minute phone call to talk to my family." *Id.* He states that "unreasonable exposure to dangerous conditions in custody" constitutes cruel and unusual punishment as proscribed by the Eighth Amendment. *Id.*

## II. DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, Crim. No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Although Garrett's filings are not a model of clarity, Defendant appears to have exhausted his administrative remedies. Because more than thirty days have passed since the request for a reduction in sentence, the Court may properly consider Defendant's motion.

In deciding a defendant's motion for compassionate release, the Court considers whether "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under [18 U.S.C.] § 3553(a) warrant a reduction." *United States v. Berry*, Crim. No. 10-051-1 (NLH), 2020 WL 4035457, at *2 (D.N.J. July 17, 2020). Defendant argues that he should be released due to the outbreak of COVID-19 and the resulting conditions of his confinement at FCI Gilmer.

### A. Whether Compelling and Extraordinary Reasons Exist

The U.S. Sentencing Commission's Policy Statement regarding the reduction of a defendant's sentence, which provides useful guidance for the Court in assessing the Defendant's eligibility for compassionate release, identifies several non-exhaustive considerations that may support a finding of "compelling and extraordinary" reasons sufficient to warrant such reduction, including, as relevant here, a defendant's medical condition. U.S.S.G. § 1B1.13, Application Note 1. In the context of the COVID-19 pandemic, the inquiry into whether a defendant's medical conditions establish "compelling and extraordinary reasons" warranting a reduction in his sentence "has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

Here, Defendant states that he suffered from "rapid irregular contractions around [his] heart" he attributes as related to his having contracted Covid-19. This condition, paired with the fact that Garrett already had and recovered from Covid-19, does not appear to currently place Defendant at significant medical risk. Defendant appears to otherwise

be in good health, and there is no indication that he is unable to provide self-care or access medical treatment, if necessary, to manage any lingering Covid-19 symptoms. At the time of the issuance of this opinion, there were zero "confirmed active cases" among inmates and just one such case among staff at FCI Gilmer. *See* https://www.bop.gov/coronavirus/ (last visited April 26, 2021).

Neither do the conditions of Defendant's imprisonment justify Defendant's release. While it is regrettable that Defendant has not been able to see his family, has not been able to participate in any rehabilitation programs, and has been subjected to increased time locked in his cell, these procedures as applied in this case was a safety measure, not a punishment, meant to prevent or reduce the spread of COVID-19 at FCI Gilmer. There is no basis for the Court to conclude that these procedures as implemented at FCI Gilmer justifies compassionate release or a reduction in Defendant's sentence.

The Court recognizes, and is sympathetic to, Defendant's concerns, and the broader concerns with respect to the spread of COVID-19 in correctional facilities. Nonetheless, the Court concludes that Defendant has not presented "compelling and extraordinary reasons" warranting compassionate release or a reduction in Defendant's sentence.

### B. Applicable 18 U.S.C. § 3553(a) Factors

Even if the Court were to conclude that Defendant has presented sufficiently compelling and extraordinary reasons to warrant compassionate release, consideration of the applicable sentencing factors under 18 U.S.C. § 3553(a) weighs against a reduction in Defendant's sentence. Although the Defendant's offenses were nonviolent in nature, they were serious: Defendant possessed a large amount of heroin and a firearm. Defendant has, as of today, served about 37 months of his 110 month sentence. Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See United States v. Tull*, No. CR 15-622 (SDW), 2020 WL 6336180, at *3 (D.N.J. Oct. 29, 2020) (finding that releasing Defendant less than one-fourth of the way through her sentence "for crimes that involved the fraudulent misuse of over $19,000,000.00" would fail to "'reflect the seriousness of the offense', 'promote respect for the law', or 'provide just punishment for the offense'" (quoting 18 U.S.C. § 3553(a)(2)(A)).

## III.  CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. 3624(a)(2), ECF Nos. 65, 66, is **DENIED**.  An appropriate Order follows.

/s/ *William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 27, 2021**