UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Crim. No. 18-125 (WJM) |
|---|---|
| v. | |
| JIHAD GARRETT, | OPINION |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on the second motion of Defendant Jihad Garrett (the "Defendant") for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or to serve the remainder of his sentence in home confinement pursuant to 18 U.S.C. § 3624(a)(2) in light of the COVID-19 pandemic. ECF No. 69. For the reasons set forth below, Defendant's motion is **DENIED**.

I.  **BACKGROUND**

On April 4, 2019, following a four-day trial, a jury found Defendant Jihad Garrett guilty on three counts: (1) possession of a firearm by a convicted felon; (2) possession with intent to distribute heroin; and (3) carrying a firearm during a drug trafficking crime. ECF Nos. 35-39, 41-44, 47-50. On November 21, 2019, the Court sentenced Defendant Garrett to 50 months on Count 1, 50 months on Count 2, and 60 months on Count 3 to run consecutive with the sentenced imposed on Counts 1 and 2 for a total of 110 months of imprisonment. ECF Nos. 54, 55. Defendant is currently incarcerated at FCI Gilmer in Glenville, West Virginia.

Defendant states that while he was housed at the Hudson County Jail, on April 9, 2020, he tested positive for Covid-19. ECF Nos. 64, 65. Garrett was reportedly transferred to FCI Gilmer in West Virginia on September 9, 2020. After the jails where Garrett was placed denied his requests to be released for home confinement, *see* ECF Nos. 4, 6, on January 21, 2021, Garrett filed his first motion for compassionate release due to Covid-19, ECF No. 65. That motion was denied by this Court on April 27, 2021 ("First Covid Opinion"). ECF Nos. 67, 68.

On February 21, 2022, Garrett made another request with the Bureau of Prisons ("BOP") for compassionate release. *See* ECF No. 69-2. Garrett's second motion for compassionate release was subsequently filed on April 4, 2022 and is presently before the Court. ECF No. 69. The Government has not filed any opposition.

## II. DISCUSSION

As explained in the Court's First Covid Opinion, under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). If compelling and extraordinary reasons warrant a reduction, any reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* at § 3582(c)(1)(A). "[A] grant of compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022).

Here, Defendant filed this motion more than thirty days after his request for release with the BOP and has thus satisfied the exhaustion requirement. His second compassionate release motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

### A. Whether Compelling and Extraordinary Reasons Exist

In the context of the COVID-19 pandemic, a prisoner seeking to establish "compelling and extraordinary reasons" due to COVID-19, must show "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

In this case, Defendant seeks early release due to his irregular heartbeat, obesity (BMI 33.19), hypertension, shortness of breath, and "long Covid" symptoms consisting of mucous in his throat and loss of smell and taste. None of these circumstances, however, constitute "compelling and extraordinary reasons" to justify granting early release. When Defendant raised his irregular heartbeat and recovery from Covid-19 as a basis for his first Covid release motion, the Court concluded that those factors did not place Defendant at significant medical risk to warrant granting compassionate release. *See* April 27 Op. at 2-3. Moreover, any recovery from Covid-19 arguably provides "more protection against infection than those who have only been vaccinated," according to a study by the Centers for Disease Control and Prevention. CDC Study: Natural Immunity Provides Significantly More Protection Against COVID Than Vaccination Only (ijr.com) or https://ijr.com/cdc-study-natural-immunity-significantly-protection-covid/. While the Court is sympathetic to Defendant's "long Covid" symptoms, it is unclear whether such symptoms put Defendant at *additional* risk of Covid-related severe illness or death. As to weight and hypertension, courts have generally found that those do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions. *See, e.g., United States v. Jimenez*, No. 15-87, 2020 WL

5887578, at *2 (D.N.J. Oct. 5, 2020) (collecting cases from this district denying compassionate release for lack of extraordinary and compelling circumstances where defendants suffered from obesity and other medical conditions); *United States v. Tull*, No. 15-622, 2020 WL 6336180, at *3 (D.N.J. Oct. 29, 2020) (collecting cases that "have denied compassionate release to inmates suffering from obesity, hypertension, and/or other health issues, despite the risk of COVID-19.").

Next, Defendant reiterates that early release is appropriate due to FCI Gilmer's failure to control the spread of Covid-19, failure of inmates and staff to wear masks or practice social distancing, and the more restrictive conditions of confinement (visitations, extreme lockdown conditions, lack of medical staff, delays in medical services and treatment) as a result of the pandemic. However, delays in obtaining medical services and the failure to follow mask mandates or social distancing are not endemic just to FCI Gilmer; in fact, masking and distancing protocols are currently not mandatory in most public places. Additionally, the Court notes that at the time of the issuance of this opinion, there was only one "confirmed active case" of Covid-19 at FCI Gilmer. *See* https://www.bop.gov/coronavirus/ (last visited May 17, 2022). Moreover, as the Court already noted in its First Covid Opinion, being unable to see family or to participate in any rehabilitation programs, and increased time in respective cells are safety measures meant to prevent or reduce the spread of COVID-19 at FCI Gilmer and as such, do not constitute "compelling and extraordinary reasons" warranting compassionate release or a reduction in Defendant's sentence. Although such conditions may be "more restrictive," if a correctional institution's safety measures alone justified an inmate's release and reduction of sentence, every federal inmate could raise these claims. Section 3582(c)(1)(A) does not contemplate this result.

Finally, while the Court commends Defendant for his good behavior, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. 1B1.13, Application Note 3; *see United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

In sum, Defendant's circumstances, individually and taken as a whole, do not constitute extraordinary and compelling reasons justifying his release.

### B.     Applicable 18 U.S.C. § 3553(a) Factors

Even if a court finds that extraordinary and compelling reasons warrant a reduction, it must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). Those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities." 18 U.S.C. § 3553(a).

The Court previously ruled that even if the Court were to conclude that Defendant has presented sufficiently compelling and extraordinary reasons to warrant compassionate release, consideration of the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against a reduction in Defendant's sentence. April 27 Op. at 3. Defendant has not identified any change in the year since the Court denied Defendant's first motion for compassionate release that justifies a different outcome. Defendant currently has served about 50 months of his 110-month sentence. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (noting that district courts have denied compassionate release where inmate still had half or more of sentence left to serve and upholding lower court's decision that substantial sentencing reduction which would result from grant of compassionate release would be inconsistent with § 3553(a) factors). Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See United States v. Tull*, No. 15-622, 2020 WL 6336180, at *4 (D.N.J. Oct. 29, 2020).

### III. CONCLUSION

For the reasons set forth above, Defendant's second motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or to serve the remainder of his sentence in home confinement pursuant to 18 U.S.C. § 3624(a)(2), ECF No. 69, is **DENIED**. An appropriate Order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 23, 2022**